**LAZARUS & LAZARUS, P.C.**
**240 Madison Avenue, 8th Floor**
**New York, New York 10016**

August 30, 2022

*Via SDNY ECF &*
　　*Electronic Mail To:*

UNITED STATES DISTRICT JUDGE
VICTOR MARRERO
Southern District of New York
500 Pearl Street, Courtroom 15B
New York, New York 10007

*Re:* **WEIHAI LIANQIAO INTERNATIONAL COOP GROUP CO., LTD. vs.**
**A BASE IX CO. LLC, DAVID A. APPERMAN AND ALBERT GAMMAL**
<u>**Case No.: 21-cv-10753**</u>
<u>**Letter Motion for a Stay or Extension of the Current Discovery Deadlines**</u>

Honorable Marrero:

　　As the Court is aware, we are the attorneys for Defendants, A Base IX Company LLC (the "Corporate Defendant"), David Apperman and Albert Gammal (collectively the "Defendants") in the above captioned action (the "Action").

　　In accordance with the Court's Individual Rules of Practice Rule (I)(F) we write to respectfully request that the Court stay discovery pending a determination of Defendants' motion to dismiss. In the alternative, Defendants' respectfully request that the Court extend the current deadlines set forth in the Civil Case Management Plan and Scheduling Order (ECF #25) by approximately ninety (90) days.

　　Last week, the Court entered an order (ECF #31) containing a briefing schedule in connection with Defendants' motion to dismiss amongst other things, the fraudulent conveyance and alter ego claims asserted against the individual defendants (the "Motion")(ECF ##26-28). The Court Ordered briefing schedule extends out until October 27, 2022 (ECF #31). The current deposition deadline is nearly one month prior, on September 23, 2022 and fact discovery cut-off is October 20, 2022 (ECF #25).

　　To date, extensive document discovery has been exchanged in the Action. Plaintiff Weihai Lianqiao International Coop Group Co. Ltd. ("Plaintiff") conducted document discovery of the Corporate Defendant, culminating in Plaintiff's motion to amend the Complaint (ECF #16-18) and the filing of the first amended complaint (ECF #21).

　　However, since the Court set the briefing schedule in connection with the Motion, Plaintiff served a second set of voluminous discovery demands, concerning the claims subject of the Motion. A copy of Plaintiff's Second Set of Requests for Production of Documents to Defendants is annexed hereto. The responses are currently due a mere two days prior to the current deposition

cut off of September 23, 2022. The requests seek, amongst other things, the individual defendants' personal financial, bank and tax documents. The breath of discovery demanded, in one hundred separate requests, extends far beyond the claims in the action and is the equivalent of a "fishing expedition," likely requested to attempt to substantiate the claims subject of dismissal. Accordingly, a stay is necessary to avoid potentially burdensome and unnecessary discovery in this Action.

"In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Justice v King*, 08-CV-6417CJS, 2011 WL 1432130, at *5 [WDNY Mar. 24, 2011], *report and recommendation adopted*, 08-CV-6417-CJS-MWP, 2011 WL 1431387 [WDNY Apr. 14, 2011]

It would be a waste of resources and burdensome to devote discovery to claims subject of the Motion. The prejudice to Defendants factor weighs in favor of a stay. Moreover, a temporary stay of discovery is not likely to complicate discovery, but rather make it more efficient. Nor will a stay result in the loss of discoverable material.

Counsel for Plaintiff does not consent to the requested stay or in the alternative an extension and maintains that discovery should be completed on or before the current fact discovery cut-off. However, given that the responses to Plaintiff's Second Set of Requests for Production of Documents are due two days before the current deadline to complete depositions in this Action (September 23, 2022), it will be impossible to complete discovery by the current deadlines. It is more practical to stay such discovery until there is a determination on Defendants' Motion.

This is the first request for a stay sought by the Defendants and the second request for an extension of time sought in connection with the discovery deadlines set forth in the original Civil Case Management Plan and Scheduling Order [Dkt. 15]. None of the parties will be prejudiced by the relief requested herein but will benefit from limiting discovery to the issues that remain after the Motion is considered by the Court.

I thank the Court for its time and attention to this matter.

```
Defendant's request to stay discovery is
hereby DENIED.

SO ORDERED.

Dated: September 2, 2022
       New York, New York    /s/ Victor Marrero
                             U.S.D.J.
```

Very Truly Yours,

/s/ Harlan M. Lazarus

Harlan M. Lazarus, Esq.

HML:ct
CC: Richard Coppola, Esq. (via ECF)