**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
WEIHAI LIANQIAO INTERNATIONAL COOP  :        Case No.: 21-cv-10753
GROUP CO., LTD.,                         :
                       Plaintiff,   :
     vs.                            :
                                 :
A BASE IX CO. LLC, DAVID APPERMAN.   :
and ALBERT GAMMAL                 :
                               :
                 Defendants.   :
------------------------------------------------------------X

## ANSWER TO AMENDED COMPLAINT

     Defendant, A Base IX Company, LLC ("Defendant")), by and through its attorneys,

Lazarus and Lazarus, P.C., as and for its Answer to the Amended Complaint of Plaintiff Weihai

Lianqiao International Coop Group Co., Ltd. ("Plaintiff") as follows:

## PARTIES

     1.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 1 of the Amended Amended Complaint.

     2.     Defendant admits to the truth of the allegations set forth in paragraph 2 of the

Amended Complaint.

     3.     Defendant admits the allegations set forth in paragraph 3 of the Amended

Complaint.

     4.     Defendant admits the allegations set forth in paragraph 4 of the Amended

Complaint.

     5.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 5 of the Amended Complaint, except refers to the

laws, rules and statutes referenced therein for the contents thereof and further avers that the

Amended Complaint does not properly allege diversity of citizenship as to Defendant limited

liability company.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint, except refers to the laws, rules and statutes referenced therein for the contents thereof.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint, except refers to the laws, rules and statutes referenced therein for the contents thereof.

### FACTUAL BACKGROUND
#### The Contracts

8.      Defendant admits the truth of the allegations set forth in paragraph 8 of the Amended Complaint, except specifically reserves the right to modify, amend and/or supplement the characterization of Defendant's business as set forth therein.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint, except refers to the contracts referenced therein for the specific terms and conditions thereof.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, except refers to Purchase Order Number 761 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint, except refers to Purchase Order Number 821 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint, except refers to Purchase Order Number 802 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint, except refers to Purchase Order Number 802 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint, except refers to Purchase Order Number 803 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint, except refers to Purchase Order Number 822 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint, except refers to Purchase Order Number 829 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that

the allegations of this paragraph are not plain and concise statements.

17.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint, except refers to Purchase Order Number 837 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

18.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint, except refers to Purchase Order Number 849 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

19.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint, except refers to Purchase Order Number 850 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

20.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint, except refers to Purchase Order Number 852 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

21.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint, except refers to Purchase Order Number 822 and the documents referencing the shipment and delivery subject

thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, except refers to Purchase Order Number 849 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint, except refers to Purchase Order Number 850 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint, except refers to Purchase Order Number 851 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, except refers to Purchase Order Number 852 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint, except refers to

Purchase Order Number 835 and the documents referencing the shipment and delivery subject thereof and aers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint, except refers to Purchase Order Number 842 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint, except refers to Purchase Order Number 853 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint, except refers to Purchase Order Number 860 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint, except refers to Purchase Order Number 883 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint, except refers to Purchase Order Number 918 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint, except refers to Purchase Order Number 923 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint, except refers to Purchase Order Number 883 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint, except refers to Purchase Order Number 924 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint, except refers to Purchase Order Number 923 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the

allegations of this paragraph are not plain and concise statements.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint, except refers to Purchase Order Number 919 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint, except refers to Purchase Order Number 897 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint, except refers to Purchase Order Number 906 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint, except refers to Purchase Order Number 918 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint, except refers to Purchase Order Number 923 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint, except refers to Purchase Order Number 897 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint, except refers to Purchase Order Number 919 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint, except refers to Purchase Order Number 923 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint, except refers to Purchase Order Number 906 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the

allegations of this paragraph are not plain and concise statements.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint, except refers to Purchase Order Number 923 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint, except refers to Purchase Order Number 929 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint, except refers to Purchase Order Number 916 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, except refers to Purchase Order Number 918 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint, except refers to Purchase Order Number 883 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint, except refers to Purchase Order Number 925 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

53.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and

avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint, except refers to Purchase Order Number 915 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

55.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

56.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

57.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint, except refers to Purchase Order Number 931 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint, except refers to Purchase Order Number 926 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

59.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint, except refers to Purchase Order Number 918 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint, except refers to Purchase Order Number 929 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint, except refers to Purchase Order Number 931 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the

allegations of this paragraph are not plain and concise statements.

      63.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint, except refers to Purchase Order Number 931 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

      64.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint, except refers to Purchase Order Number 933 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

      65.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint, except refers to Purchase Order Number 905 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

      66.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint, except refers to Purchase Order Number 915 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

67.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint, except refers to Purchase Order Number 923 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint, except refers to Purchase Order Number 931 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

69.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint, except refers to Purchase Order Number 956 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

70.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint, except refers to Purchase Order Number 928 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint, except refers to Purchase Order Number 940 and the documents referencing the shipment and delivery subject thereof and

15

avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint, except refers to Purchase Order Number 932 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Amended Complaint, except refers to Purchase Order Number 928 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

74.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint, except refers to Purchase Order Number 956 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

75.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint, except refers to Purchase Order Number 956 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

76.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint, except refers to Purchase Order Number 957 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

77.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Amended Complaint, except refers to Purchase Order Number 957 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

78.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Amended Complaint, except refers to Purchase Order Number 958 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

79.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint, except refers to Purchase Order Number 988 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

80.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint, except refers to Purchase Order Number 994 and the documents referencing the shipment and delivery subject thereof and

avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

81.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Amended Complaint, except refers to Purchase Order Number 967 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

82.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Amended Complaint, except refers to Purchase Order Number 968 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

83.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint, except refers to Purchase Order Number 997 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

84.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Amended Complaint, except refers to Purchase Order Number 971 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

85.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Amended Complaint, except refers to Purchase Order Number 931 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

86.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Amended Complaint, except refers to Purchase Order Number 977 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

87.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Amended Complaint, except refers to Purchase Order Number 984 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

88.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Amended Complaint, except refers to Purchase Order Number 977 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

89.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Amended Complaint, except refers to Purchase Order Number 1022 and the documents referencing the shipment and delivery subject thereof

and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

90.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Amended Complaint, except refers to Purchase Order Number 1022 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

91.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91of the Amended Complaint, except refers to Purchase Order Number 1015 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

92.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Amended Complaint, except refers to Purchase Order Number 967 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

93.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Amended Complaint, except refers to Purchase Order Number 968 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

94.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Amended Complaint, except refers to Purchase Order Number 1017 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

95.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

96.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Amended Complaint, except refers to Purchase Order Number 967 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

97.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Amended Complaint, except refers to Purchase Order Number 968 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

98.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Amended Complaint, except refers to Purchase Order Number 1014 and the documents referencing the shipment and delivery subject thereof

and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

99.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Amended Complaint, except refers to Purchase Order Number 1002 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

100.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

101.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Amended Complaint, except refers to Purchase Order Number 1002 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

102.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Amended Complaint, except refers to Purchase Order Number 1010 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

103.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Amended Complaint, except refers to Purchase Order Number 1022 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

104.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Amended Complaint, except refers to Purchase Order Number 1014 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

105.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Amended Complaint, except refers to Purchase Order Number 1026 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

106.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Amended Complaint, except refers to Purchase Order Number 1015 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

107.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Amended Complaint, except refers to Purchase Order Number 997 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the

allegations of this paragraph are not plain and concise statements.

108.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

109.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

110.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Amended Complaint, except refers to Purchase Order Number 1002 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

111.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Amended Complaint, except refers to Purchase Order Number 1019 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

112.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

113.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Amended Complaint, except refers to Purchase Order Number 1025 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

114.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Amended Complaint, except refers to Purchase Order Number 968 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

115.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

116.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint, except refers to Purchase Order Number 1023 and the documents referencing the shipment and delivery subject thereof

and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

117.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Amended Complaint, except refers to Purchase Order Number 1019 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

118.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Amended Complaint, except refers to Purchase Order Number 1047 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

119.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

120.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Amended Complaint, except refers to Purchase Order Number 1019 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

121.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Amended Complaint, except refers to Purchase Order Number 1047 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

122.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Amended Complaint, except refers to Purchase Order Number 1014 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

123.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

124.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

125.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Amended Complaint, except refers to Purchase Order Number 1019 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in

that the allegations of this paragraph are not plain and concise statements.

126.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Amended Complaint, except refers to Purchase Order Number 1023 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

127.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the Amended Complaint, except refers to Purchase Order Number 1802 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

128.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Amended Complaint, except refers to Purchase Order Number 1801 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

129.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Amended Complaint, except refers to Purchase Order Number 1801 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

130.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Amended Complaint, except refers to Purchase Order Number 1050 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

131.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

132.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Amended Complaint, except refers to Purchase Order Number 1053 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

133.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the Amended Complaint, except refers to Purchase Order Number 1016 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

134.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Amended Complaint, except refers to Purchase Order Number 1052 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in

that the allegations of this paragraph are not plain and concise statements.

135.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Amended Complaint, except refers to Purchase Order Number 1046 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

136.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Amended Complaint, except refers to Purchase Order Number 1046 and the documents referencing the shipment and delivery subject thereof and avers that this paragraph is in violation of Federal Rule of Civil Procedure 8 in that the allegations of this paragraph are not plain and concise statements.

**Plaintiff's Invoices to Defendant**

137.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Amended Complaint, except refers to the invoices referenced therein for the terms and conditions thereof.

138.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Amended Complaint, except refers to Invoice No. F11-2019-001TJX and Purchase Order Number 761 referenced therein for the contents thereof.

139.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Amended Complaint, except refers to Invoice No. F37-LIC2019-0702 and Purchase Order Number 821 referenced therein for the contents thereof.

140.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Amended Complaint, except refers to Invoice No. F37-LIC2019-0719 and Purchase Order Numbers 802, 803, 822, 829, 837,849,850 and 852 referenced therein for the contents thereof.

141.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Amended Complaint, except refers to Invoice No. F37-LIC2019-0810 and Purchase Order Numbers 822, 849, 850,851,852,835 and 842 referenced therein for the contents thereof.

142.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Amended Complaint, except refers to Invoice No. F37-LIC2019-0906 and Purchase Order Numbers 853 and 860 referenced therein for the contents thereof.

143.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0108 and Purchase Order Numbers 883,924,923,919,897 and 906 referenced therein for the contents thereof.

144.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0110 and Purchase Order Numbers 883,918 and 923 referenced therein for the contents thereof.

145.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Amended Complaint, except refers to Invoice No.

F37-LIC2020-0112 and Purchase Order Numbers 918 and 923 referenced therein for the contents thereof.

146.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Amended Complaint, except refers to Invoice No. F37-LIC-2020-0123 and Purchase Order Numbers 897,919,923,906,905,929,916,918 and 88 referenced therein for the contents thereof.

147.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Amended Complaint, except refers to Invoice No. F11-2019-053 and Purchase Order Number 925 referenced therein for the contents thereof.

148.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0112 and Purchase Order Number 905 referenced therein for the contents thereof.

149.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0305 and Purchase Order Number 905 referenced therein for the contents.

150.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the Amended Complaint, except refers to Invoice No. F11-2019-054 and Purchase Order Number 915 referenced therein for the contents thereof.

151.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Amended Complaint, except refers to

Invoice No. F37-LIC2020-0309 and Purchase Order Number 905 referenced therein for the contents thereof.

152.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0311 and Purchase Order Numbers 905,931 and 926 referenced therein for the contents thereof.

153.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0315 and Purchase Order Numbers 905, 918, 929 and 931 referenced therein for the contents thereof.

154.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0319 and Purchase Order Number 931 referenced therein for the contents thereof.

155.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0325 and Purchase Order Number 933 referenced therein for the contents thereof.

156.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0330 and Purchase Order Numbers 905,915,923,931,956,928,940 and 932 referenced therein for the contents thereof.

157.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Amended Complaint, except refers to

Invoice No. F37-LIC2020-0409 and Purchase Order Numbers 928 and 956 referenced therein for the contents thereof.

158.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0408 and Purchase Order Number 956 referenced therein for the contents thereof.

159.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0420 and Purchase Order Number 957 referenced therein for the contents thereof.

160.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0503 and Purchase Order Numbers 957 and 958 referenced therein for the contents thereof.

161.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Amended Complaint, except refers to Invoice No. F11-2020-013-1 and Purchase Order Number 988 referenced therein for the contents thereof.

162.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the Amended Complaint, except refers to Invoice No. F11-2020-013 and Purchase Order Number 994 referenced therein for the contents thereof.

163.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Amended Complaint, except refers to

Invoice No. F37-2020-0927A and Purchase Order Numbers 967, 968 and 997 referenced therein for the contents thereof.

164.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Amended Complaint, except refers to Invoice No. F37-2020-1009AU and Purchase Order Numbers 971,931,977,984, and 977 referenced therein for the contents thereof.

165.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0930CA and Purchase Order Number 1022 referenced therein for the contents thereof.

166.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1018 and Purchase Order Numbers 1002, 1015,967,968 and 1017 referenced therein for the contents thereof.

167.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1019 and Purchase Order Number 1016 referenced therein for the contents thereof.

168.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1030 and Purchase Order Numbers 967,968,1014,1002 and 1016 referenced therein for the contents thereof.

169.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the Amended Complaint, except refers to

Invoice No. F37-LIC2020-1030A and Purchase Order Number 1022 referenced therein for the contents thereof.

170.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-0930CA and Purchase Order Number 1010 referenced therein for the contents thereof.

171.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1017AU and Purchase Order Number 1022 referenced therein for the contents thereof.

172.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1111 and Purchase Order Numbers 1014,1026,1015,997,1016,1002 and 1019 referenced therein for the contents thereof.

173.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1111A and Purchase Order Number 1016 referenced therein for the contents thereof.

174.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1019AU and Purchase Order Number 1025 referenced therein for the contents thereof.

175.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1118 and Purchase Order Numbers 968,1016,1023 and 1019 referenced therein for the contents thereof.

176.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 176 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1119Q and Purchase Order Numbers 1047 and 1016 referenced therein for the contents thereof.

177.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1125 and Purchase Order Numbers 1019,1047,1014 and 1016 referenced therein for the contents thereof.

178.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Amended Complaint, except refers to Invoice No. F37-LIC2020-1206 and Purchase Order Numbers 1016,1019 and 1023 referenced therein for the contents thereof.

179.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 of the Amended Complaint, except refers to Invoice No. F37-LIC2021-0217 and Purchase Order Numbers 1801 and 1802 referenced therein for the contents thereof.

180.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180 of the Amended Complaint, except refers to Invoice No. F37-LIC2021-0509-1 and Purchase Order Numbers 1016 and 1053 referenced therein for the contents thereof.

181.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181 of the Amended Complaint, except refers to Invoice No. F37-LIC2021-0509-2 and Purchase Order Number 1050 referenced therein for the contents thereof.

182.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the Amended Complaint, except refers to Invoice No. F37-LIC2021-0509-3 and Purchase Order Numbers 1016,1046 and 1052 referenced therein for the contents thereof.

183.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 183 of the Amended Complaint, except refers to Invoice No. F37-LIC2021-0509-4 and Purchase Order Numbers 1016 and 1046 referenced therein for the contents thereof.

**Plaintiff's Resale of the Goods**

184.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the Amended Complaint, except refers to Purchase Order Numbers 107, 1040, 1050, 36, 38, 1046, 1802, 1069, 1801 and 1805 and the documents referencing the shipment and delivery subject thereof.

185.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 185 of the Amended Complaint except refers to the books, records, documents and communications by and between Plaintiff and Defendant for the terms and conditions of the agreement referenced therein for the full content thereof.

186.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the Amended Complaint, except refers to Purchase Order Numbers 1050, 1052, 1053, 1046 and 1802 and the documents referencing the shipment and delivery subject thereof.

187.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the Amended Complaint except refers to the books,

records, documents and communications by and between Plaintiff and Defendant for the terms and conditions of the agreement referenced therein for the full content thereof.

188.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Amended Complaint except refers to the June 24, 2021 letter referenced therein for the content full content thereof.

189.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the Amended Complaint, except refers to Purchase Order Number 1050 and the books and records of Plaintiff and Defendant relating to the payment referenced therein for the particulars thereof.

190.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the Amended Complaint.

191.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the Amended Complaint.

192.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192 of the Amended Complaint.

193.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193 of the Amended Complaint.

**Commingling of Corporate and Personal Assets and Fraudulent Conveyances**

194.     Defendant denies the allegations set forth in paragraph 194 of the Amended Complaint.

195.     Defendant denies the allegations set forth in paragraph 195 of the Amended Complaint.

196.     Defendant denies the allegations set forth in paragraph 196 of the Amended Complaint.

197.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Amended Complaint.

198.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198 of the Amended Complaint.

199.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Amended Complaint.

200.    Defendant denies the allegations set forth in paragraph 200 of the Amended Complaint.

201.    Defendant denies the allegations set forth in paragraph 201 of the Amended Complaint.

202.    Defendant denies the allegations set forth in paragraph 202 of the Amended Complaint.

203.    Defendant denies the allegations set forth in paragraph 203 of the Amended Complaint.

204.    Defendant denies the allegations set forth in paragraph 204 of the Amended Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT (BREACH OF CONTRACT)

205.    Defendant pleads to the allegations set forth in the paragraph of the Amended Complaint marked and numbered 205 by incorporation each and every prior allegation hereof as if set forth at length herein.

206.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the Amended Complaint except refers to the books and records of Plaintiff and Defendant constituting the "contracts" referenced therein for the particulars thereof.

207.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207 of the Amended Complaint except refers to the books and records of Plaintiff and Defendant constituting the "contracts" referenced therein for the particulars thereof.

208.  Defendant denies the allegations set forth in paragraph 208 of the Amended Complaint.

209.  Defendant denies the allegations set forth in paragraph 209 of the Amended Complaint.

210.  Defendant denies the allegations set forth in paragraph 210 of the Amended Complaint.

211.  Defendant denies the allegations set forth in paragraph 211 of the Amended Complaint.

212.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 212 and avers that said paragraph sets forth a conclusion of law to which no response is required.

213.  Defendant denies the allegations set forth in paragraph 213 of the Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT (ACCOUNT STATED)

214.    Defendant pleads to the allegations set forth in the paragraph of the Amended Complaint marked and numbered 214 by incorporation each and every prior allegation hereof as if set forth at length herein.

215.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 215 of the Amended Complaint, except refers to

the documents of or relating to the work, labor and services referenced therein.

216.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 216 of the Amended Complaint.

217.    Defendant denies the allegations set forth in paragraph 217 of the Amended Complaint.

218.    Defendant denies the allegations set forth in paragraph 218 of the Amended Complaint.

219.    Defendant denies the allegations set forth in paragraph 219 of the Amended Complaint.

220.    Defendant denies the allegations set forth in paragraph 220 of the Amended Complaint.

221.    Defendant denies the allegations set forth in paragraph 221 of the Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT (UNJUST ENRICHMENT)

222.    Defendant pleads to the allegations set forth in the paragraph of the Amended Complaint marked and numbered 222 by incorporation each and every prior allegation hereof as if set forth at length herein.

223.    Defendant denies the allegations set forth in paragraph 223 of the Amended Complaint.

224.    Defendant denies the allegations set forth in paragraph 224 of the Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT (VIOLATION OF N.Y. U.C.C. §2-101 et seq.)

225.    Defendant pleads to the allegations set forth in the paragraph of the Amended

Complaint marked and numbered 225 by incorporation each and every prior allegation hereof as if set forth at length herein.

226.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 226 of the Amended Complaint.

227.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 227 of the Amended Complaint, except refers to the notice referenced therein.

228.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 228 of the Amended Complaint.

229.    Defendant denies the allegations set forth in paragraph 229 of the Amended Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Avoidance of Transfers Pursuant to Debtor Creditor Law §§ 273, 276 and 276-a.)

230.    Defendant pleads to the allegations set forth in the paragraph of the Amended Complaint marked and numbered 230 by incorporation each and every prior allegation hereof as if set forth at length herein.

231.    Defendant denies the allegations set forth in paragraph 231 of the Amended Complaint.

232.    Defendant denies the allegations set forth in paragraph 232 of the Amended Complaint and refers to the statute referenced therein for the content thereof.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Avoidance of Transfers Pursuant to Debtor Creditor Law §§ 273, 276 and 276-a.)

233.    Defendant pleads to the allegations set forth in the paragraph of the Amended Complaint marked and numbered 233 by incorporation each and every prior allegation hereof as if set forth at length herein.

234.     Defendant denies the allegations set forth in paragraph 234 of the Amended Complaint.

235.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the Amended Complaint.

236.     Defendant denies the allegations set forth in paragraph 236 of the Amended Complaint.

237.     Defendant denies the allegations set forth in paragraph 237 of the Amended Complaint.

238.     Defendant denies the allegations set forth in paragraph 238 of the Amended Complaint.

239.     Defendant denies the allegations set forth in paragraph 239 of the Amended Complaint and refers to the statute referenced therein for the content thereof.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

240.     Plaintiff fails to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

241.     Plaintiff' claims are barred by documentary evidence.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

242.     Plaintiff' claims are barred by Plaintiff's failure to mitigate damages, if any.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

243.     All of Plaintiff's causes of action are barred for and on account of their failure to set forth more than conclusory allegations.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

244.     Damages, if any alleged to have been suffered by Plaintiff were caused, in whole

or in part, by the intentional conduct, negligent conduct, fault or other culpable conduct of Plaintiff.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

245.    At the time of the commencement of this action and by reason of the express understanding and agreement by and between Plaintiff and Defendant and the course of dealing by and between Plaintiff and Defendant, some or all of the amounts claimed by Plaintiff were not due and payable by Defendant.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

246.    Plaintiff's claims are barred because Plaintiff has not accurately set forth the balances due from Defendant to Plaintiff.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

247.    Notwithstanding the terms and conditions of the Purchase Orders and/or Invoices issued from Plaintiff to Defendant, Plaintiff habitually waived the payment terms thereof and, at all times, understood that Defendant's performance was subject to the business conditions and cash flow of Defendant.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

248.    The course of conduct by and between Plaintiff and Defendant evidences Plaintiff's understanding and agreement that Defendant need not pay Plaintiff's invoices in accordance with the express terms and conditions thereof.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

249.    Plaintiff's claims are barred by the UCC, contractual and/or common law defense based upon Plaintiff's failure to satisfactorily perform the services for which Plaintiff seeks payments.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

250.     Plaintiff's claims are barred by reason of the facts and circumstances set forth in Defendant's counterclaims.

### AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

251.     Plaintiff's causes of action are barred, in whole or in part, because Defendant has at all relevant times acted justifiably, lawfully and in good faith and without improper motive, purpose or intent.

### AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

252.     Plaintiff's causes of action are barred, in whole or in part, because fair consideration was provided for any and all transfers and/or conveyances.

### AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

253.     Plaintiff suffered no recoverable damages caused by any alleged conduct of Defendant.

### AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

254.     Plaintiff's claims are barred on the grounds and to the extent that there is no privity between Plaintiff and certain defendants.

### AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

255.     Plaintiff's claims are barred in whole or in part, on the ground that Plaintiff lacks standing and/or is not a creditor as that term is defined by NY DCL.

### AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

256.     Plaintiff would be unjustly enriched if allowed to recover on this Amended Complaint, in part due to the fact that it has already been compensated by insurance companies.

### AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

257.     Defendant hereby places Plaintiff on notice that Defendant intends to rely on such further defenses as may be revealed or developed during the course of the litigation in this matter and Defendant reserves the right to amend this reply to include such defenses, to the extent required and/or permitted by law.

**DEFENDANT'S COUNTERCLAIMS**

Defendant as and for its Counterclaims against Plaintiff respectfully set forth and alleges as follows:

1.      Defendant is a domestic limited liability company formed and existing under the laws of the State of New York, with a principal place of business at 525 7th Avenue, New York, New York.

2.      Upon information and belief, Plaintiff is a foreign business corporation with a principal place of business located at 269 Wenhua Road West, 15th Floor, High-Tech Development Zone, Weihai, China.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction because the amount in controversy exceeds $75,000.00, Defendant is a limited liability company organized under the laws of New York, its members are citizens of the State of New York and Plaintiff is subject of a foreign state, being companies incorporated in a foreign country. 28 U.S.C. § 1332(a)(2).

4.      Venue is appropriate in the Southern District of New York because Defendant's principal place of business is in the district and because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1), (2).

## STATEMENT OF FACTS

5.      Defendant and Plaintiff entered into multiple purchase orders, wherein Plaintiff represented to Defendant that Plaintiff was capable of and would deliver to Defendant in a timely manner garments of a particular quality and quantity required by Defendant.

6.      Plaintiff promised and agreed that the garments would meet the specifications and

requirements contained in Defendant's purchase orders and instructions.

7.      Plaintiff was at all times aware that it was necessary for Defendant to deliver conforming and acceptable garments and goods to Defendant in a timely manner with full awareness that time was of the essence due to Defendant's need to receive conforming and acceptable goods and garments in a timely manner so that Defendant would have and would maintain appropriate and seasonal inventory levels for sale.

8.      On or about and between January 20, 2020 and July 13, 2021, Defendant issued certain debit notes totaling $2,215,715.00 (the "Debit Notes") to Plaintiff by reason of, inter alia, Plaintiff's failures to meet Defendant's obligations by either failing to deliver acceptable and conforming goods or garments in a timely manner or delivering defective unacceptable and/or non-conforming goods or garments, as more particularly set forth below:

| Date | Debit Note # | Amount of Debit | Reason |
|------|--------------|-----------------|--------|
| 1/20/2020 | 115 | $250,000 | Agreed upon Deduction for 2019 Ross Stores order lateness |
| 3/31/2020 | 116 | $657,097 | Covid Deduction – 15% of Balance due as of 3/31/2020 |
| 5/15/2020 | 118 | $45,360 | Ross Return on Pointelle Sweater defective goods |
| 6/10/2020 | 118 | $49,000 | Ross Return on Pointelle Sweater defective goods |
| 7/6/2020 | 118 | $132,714 | Ross Return on Pointelle Sweater defective goods |
| 10/14/2020 | 118 | $32,029 | Ross Return on Pointelle Sweater defective goods |
| 10/20/2020 | 118 | $19,224 | A&M Return on Pointelle Sweater defective goods |
| 10/20/2020 | 118 | $19,500 | A&M Return on Pointelle Sweater defective goods |
| 12/31/2020 | 118 | $16,100 | Storage and Warehouse charges for Pointelle Sweater defective goods |
| 10/12/2020 | 119 | $840 | Packing Issues – PO973 Style X218J |
| 11/18/2020 | 120 | $3,048 | Goods Delayed – PO's 1019 1014 |
| 11/23/2020 | 121 | $312 | Repackaging Style 2662B01&2 |
| 12/8/2020 | 122 | $16,450 | 50% Ocean Freight for Matson Service |
| 12/10/2020 | 123 | $4,870 | Damaged Cartons – Styles 3306 Set |

| 2/15/2021 | 126 | $10,000 | Delays by MS CO Waiting for Release by LIC |
| 2/15/2021 | 127 | $10,000 | LC Charges Paid on LC Cancelled Due to Non-Shipment by LIC |
| 2/15/2021 | 128 | $1,500 | Warehouse Charge to Process Return of Defective Goods – RTV 02122201 |
| 2/15/2021 | 129 | $282,000 | Loss of Profit of Non-Shipment of Spring 2021 Confirmed Orders of $940,667 LIC Invoices 2021-0217 |
| 2/15/2021 | 130 | $600,000 | Approx loss of Profit on PO's of $1,868,098 of Spring 2021 Goods that LIC Intentionally Did not Ship |
| 5/20/2021 | 135 | $41,616 | Defective Stile G1906 Set Seodl to TJ Max – 2PC Pack Packed and Placed Wrong Header as 3-Pack – Good Returned – In Warehouse |
| 7/13/2021 | 136 | $24,055 | Loss of Profit on Non-Shipping og LIC Inv 0609-1&2 for Styles 7338, 7310 & 7116 – 18,504 – FOB-$$2.25 Sold for $4 |

9.    As set forth in the Debit Notes, the goods and garments subject of the Debit Notes (a) were not fit for the ordinary purposes for which such goods are used; (b) did not conform to the promises or affirmations of fact made to Defendant; or (c) were delivered late; or (d) simply, not delivered.

**AS AND FOR THE FIRST COUNTERCLAIM**

10.    Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 9 of the Counterclaim with the same force and effect as though same were set forth at length herein.

11.    The actions of Plaintiff in delivering unmerchantable garments, and willfully and wrongfully failing and refusing to deliver others, constitute a complete breach and material repudiation of the parties' agreements.

12.     Based on the foregoing, A Base has been damaged, including the foreseeable loss of profits, in an amount in an amount to be determined at trial, but in any event not less than the amount sought in Plaintiff's Amended Complaint and not less than $75,000.00.

## AS AND FOR THE SECOND COUNTERCLAIM

13.     Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 12 of the Counterclaim with the same force and effect as though same were set forth at length herein.

14.     As a result of Plaintiff's failure to provide, as agreed, conforming and acceptable goods and garments in a timely manner, Defendant did not have goods to ship to Defendant's customers.

15.     As a result of not having goods to ship to Defendant's customers, Defendant suffered damage to its trade reputation.

16.     Based on the foregoing, Defendant has been damaged, including the foreseeable lost profits and destruction of Defendant's trade reputation, in an amount in an amount to be determined at trial, but in any event not less than the amount sought in Plaintiff's Amended Complaint and not less than $75,000.00.

## AS AND FOR THE THIRD COUNTERCLAIM

17.     Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 16 of the Counterclaim with the same force and effect as though same were set forth at length herein.

18.     At all pertinent times herein mentioned, Defendant is and was a buyer in the ordinary course of business with respect to the aforesaid goods sold and delivered.

19.     At all pertinent times herein mentioned, Plaintiff was and is a merchant with respect to goods of the kind that are the subject of this action.

20.     Plaintiff breached the implied warranty of merchantability in that Plaintiff's goods and garments, subject of the Debit Notes, *inter alia:* (a) were not fit for the ordinary purposes for which such goods are used; (b) did not conform to the promises or affirmations of fact made to Defendant; or (c) were delivered late; or (d) simply, not delivered.

21.     The implied warranty of merchantability has not been excluded or modified.

22.     Based on the foregoing, Defendant has been damaged in an amount in an amount to be determined at trial, but in any event not less than the amount sought in Plaintiff's Amended Complaint and not less than $75,000.00.

**WHEREFORE,** Defendant respectfully demand judgment (i) dismissing the Amended Complaint of Plaintiff; (ii) against Plaintiff on Defendant's Counterclaims together with interest, costs and attorneys' fees; and (iii) for such other and further relief as this Court deems just and proper.

Dated: May 9, 2023
     New York, New York               **LAZARUS & LAZARUS, P.C.**

                        /s/ Harlan M. Lazarus
                       **Harlan M. Lazarus, Esq.**
                       240 Madison Avenue, 8th Floor
                       New York, NY 10016
                       (212) 889-7400
                       *Attorneys for Defendant*

TO:     **CULLEN AND DYKMAN LLP**
       Attn: Richard A. Coppola, Esq.
       44 Wall Street, 17th Flr.
       New York, NY 10005