UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIHAI LIANQIAO INTERNATIONAL COOP GROUP CO., LTD,<br><br>      Plaintiff,<br><br>  -against-<br><br>A BASE IX CO. LLC, et al.,<br><br>      Defendants. | 21-CV-10753 (DEH) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during today's discovery conference:

1.  **Defendants' Motion**. Defendants' letter-motion dated November 29, 2023 (Dkt. 81), seeking an order compelling plaintiff to produce "[d]ocuments, records or communications concerning claims submitted by the Plaintiff to any insurance company (inclusive of Sinosure and People's) that arise out of or relate to A Base IX Co. LLC," is GRANTED to the extent that, no later than **January 3, 2024**, plaintiff shall produce to defendants all documents in its possession, custody, and control (including, without limitations, electronically stored information (ESI) accessible to it through the Sinosure portal) concerning insurances policies, claims, and payments, from 2019 to the present, relating to A Base IX Co. LLC shipments. At the same time, plaintiff shall provide an affidavit or declaration, signed by a client representative on personal knowledge, confirming that he or she conducted a reasonable search for responsive documents, describing that search, and certifying that plaintiff has produced all nonprivileged responsive documents in its possession, custody, or control. If any documents are withheld on privilege grounds, plaintiff must comply with Local Civ. R. 26.2.

2.  **Plaintiff's Motion**. Plaintiff's letter-motion dated December 1, 2023 (Dkt. 83), seeking an order compelling defendants to produce "[t]rue and complete copies of any and all

credit card statements for A Base from the period of 2019 to present, including but not limited to American Express," is GRANTED to the extent that, no later than **January 3, 2024**, defendants shall produce to plaintiff all account statements in its possession, custody, and control (including, without limitation, electronic statements accessible to it through the American Express website) for the two corporate American Express accounts referenced in its prior production (ending in -3001 and in -2003), and any other American Express account maintained by defendants from 2019 through the present. To the extent the account statements do not include the full account numbers for all such accounts, defendants shall provide those account numbers in the form of a verified interrogatory answer. At the same time, defendants shall provide an affidavit or declaration, signed by a client representative on personal knowledge, confirming that he or she conducted a reasonable search for responsive documents, describing the search, and certifying that defendants have produced all nonprivileged responsive documents in their possession, custody, or control. If any documents are withheld on privilege grounds, defendants must comply with Local Civ. R. 26.2.

3. **Subpoena**. Should plaintiff wish to serve a subpoena *duces tecum* on American Express for the account statements described above, it must do so no later than **January 10, 2024.**

4. **Expenses**. For the reasons discussed during the conference, the Court has determined that, having granted, in substantial part, both defendants' motion and plaintiff's motion, an award of expenses (including attorneys' fees) would be "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). In the event of noncompliance with this Order, however, an award of expenses could be required pursuant to Fed R. Civ. P. 37(b)(2)(C).

5. **Discovery Schedule**. The discovery schedule, previously closed, is reopened for the limited purposes described in ¶¶ 1-3, above. No additional discovery requests shall be served absent leave of the Court for good cause shown. *See* Fed. R. Civ. P. 16(b)(4).

6. **Summary Judgment and Joint Pretrial Order**. Should any party wish to move for summary judgment, that party's pre-motion letter shall be submitted to the Hon. Dale E. Ho, United States District Judge, no later than **January 17, 2024**. If there are no summary judgment motions, the parties shall, no later than **January 17, 2024**, submit a joint letter to Judge Ho requesting a date for a final pretrial conference.

The Clerk of Court is respectfully directed to close the motions at Dkts. 83 and 85.

Dated: New York, New York
       December 13, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**