UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEIHAI LIANQIAO INTERNATIONAL
COOP GROUP CO., LTD.,

               Plaintiff,

        v.

A BASE IX CO. LLC, et al.,

               Defendants.

21 Civ. 10753 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Weihai Lianqiao International Cooperation Group Co., Ltd., ("Weihai" or "Plaintiff") brings this action against defendants A Base IX Company LLC ("A Base"), David A. Apperman ("Apperman"), and Albert Gammal ("Gammal" and together with Apperman, the "Individual Defendants," and collectively with Base IX, "Defendants"). *See* Decision and Order, ECF No. 65. As related to the motions before the Court, Plaintiff raises claims against individual defendants for avoidance of the fraudulent conveyance of a property interest, based on his liability for the first four claims on a veil-piercing theory. *See* First Amended Complaint ("FAC") ¶¶ 197-199, 230-32, ECF No. 21.

On July 17, 2024, Plaintiff filed a letter, which the Court construed as a motion to reopen discovery for the limited purposes of taking the depositions of Non-Parties Alice Gammal and Susanne Apperman ("the Non-Parties"). *See* ECF No. 142. On July 19, 2024, Defendants and the Non-Parties filed letters in opposition. *See* ECF Nos. 143, 145. The Court construes the opposition from Alice Gammal as a motion to quash. *See* ECF No. 145. On July 19, 2024, the Court held a conference with counsel for parties and for the Non-Parties on these motions. For

the reasons discussed at the conference and below, the Plaintiff's motion is **GRANTED**, and

Non-Parties' motion is **DENIED**.

## I.      LEGAL STANDARDS

### A.      *Plaintiff's Motion to Reopen Discovery.*

Reopening discovery should only be permitted for good cause and with this Court's

consent.  *See* Fed R. Civ. P. 16(b)(4).[1]  Courts apply a six-part test when determining whether

good cause for reopening discovery exists: "(1) the imminence of trial; (2) whether the request is

opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party

was diligent in obtaining discovery within the guidelines established by the court; (5) the

foreseeability of the need for additional discovery in light of the time allowed for discovery by

the district court; and (6) the likelihood that the discovery will lead to relevant evidence."

*United States v. Prevezon Holdings, Ltd*., 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017); *accord*

*Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023).

### B.      *Non-Party's Motion to Quash.*

"Motions to compel and motions to quash a subpoena are both entrusted to the sound

discretion of the court."  *Fitch, Inc. v. UBS Painewebber, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003).

"The party seeking discovery [from a non-party under Rule 45] bears the initial burden of

proving that the information and testimony sought in the subpoena are relevant and proportional

to the needs of the case."  *Athalonz, LLC v. Under Armour, Inc*., 2024 WL 1555685, at *2-*3

(S.D.N.Y. Apr. 10, 2024) (internal citation omitted).  "A subpoena that pursues material with

little apparent or likely relevance to the subject matter . . . is likely to be quashed as

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020).

## II.    DISCUSSION

Plaintiff argues there is good cause to reopen discovery for the limited purpose of taking the depositions of individual defendants' spouses, Susanne Apperman and Alice Gammal. Concerning Susanne Apperman, on or around June 26, 2024, Plaintiff learned that Ms. Apperman *personally* "guaranteed debts owed by A Base IX to" Merchant Factors Corp. ("Merchant"). *See* ECF No. 115. Specifically, there was an Indemnity Agreement between the individual defendants and Ms. Gammal to "indemnify, reimburse and make David Apperman whole in the event David Apperman paid Merchant." *Id.* Plaintiff argues that this is "further evidence that Defendants obliterated the lines between A Base IX's corporate funds and their personal funds." *Id.*

Plaintiff contends that a deposition of Alice Gammal is necessary to determine "the damages to which Plaintiff is entitled for Albert Gammal's fraudulent transfer of the Vacation Home [103 Grant Avenue, Deal, New Jersey (the "Vacation Home") to Alice Gammal] in February 2022." ECF No. 130. Plaintiff learned on or around June 12, 2024, that Alice Gammal sold the Vacation Home on April 2, 2024. *See* ECF Nos. 103, 103-1. The total sale proceeds are relevant because Defendant Albert Gammal's interest in the property at the time it was conveyed

3

to Ms. Gammal "will be included in the damages Plaintiff may recover" on the Plaintiff's Debtor and Creditor Law ("DCL") § 273 cause of action. *See* ECF No. 140. After the Court directed Defendants to produce the "closing documents related to the sale of the Vacation Home," ECF No. 113, Defendants represented that the Vacation Home purchase price was $2.9 million and $900,000 was paid for personal property. *See* ECF Nos. 115, 140. On July 17, 2024, Counsel for Alice Gammal subsequently confirmed that this $2.9 million figure was not quite accurate, because "Ms. Gammal received an additional $500,000," ECF No. 141, that was "paid in cash . . . in connection with the sale of the Vacation Home," a sum that is not reflected anywhere in the closing documents. ECF Nos. 140, 144. Given this recent information, Plaintiff seeks to depose Alice Gammal to discuss the sale of the Vacation Home.

The first two factors—the imminence of the August 19, 2024 trial and whether the request is opposed—weigh against reopening discovery. With four weeks left before trial, however, it would not be impossible to take two short depositions beforehand. Regarding the third factor, the Defendants argue that they would be prejudiced because they are busy preparing for trial next month. The Court finds, however, that any prejudice to Defendants is relatively minor, as there is time to take two short depositions (i.e., subject to the limitations described below) prior to the upcoming bench trial. As to the Non-Parties, the Court finds no prejudice from the reopening discovery, as they have not argued that depositions will be burdensome or that they had any reliance on the discovery cutoff date.

For the fourth and fifth factors, Plaintiff has demonstrated diligence in obtaining discovery, but new information that was not foreseeable has come to light. Plaintiff had no prior knowledge of Ms. Apperman's involvement in Defendants' business, and Defendants disclosed the Indemnity Agreement after the close of discovery. As to Ms. Gammal, Plaintiff had no real

4

need to depose her, before the sale of the Vacation Home, because Plaintiff anticipated that, if it prevailed on its fraudulent conveyance claim, relief would be in the form of an order from the Court to "rescind, or set aside" the transfer and direct return of the property to the debtor. *In re Adelphia Recovery Tr.*, 634 F.3d 678, 692 (2d Cir. 2011). "However, where the assets fraudulently transferred no longer exist or are no longer in the possession of the transferee, a money judgment may be entered in an amount up to the value of the fraudulently transferred assets." *S.E.C. v. Shainberg*, No. 07 Civ. 881, 2007 WL 4526520, at *5 (S.D.N.Y. Dec. 21, 2007) (quoting *Neshewat v. Salem*, 365 F. Supp. 2d 508, 521-22 (S.D.N.Y. 2005)). Plaintiff only learned about the sale of the vacation home on or around June 12, 2024, and the purchase price in that transaction is relevant insofar as it has some bearing on damages for the fraudulent conveyance claim. These factors weigh heavily in favor of re-opening discovery.

Finally, under the sixth factor, the depositions of Alice Gammal and Susanne Apperman will likely "lead to relevant evidence" and weigh in favor of reopening discovery, for reasons discussed above. *Prevezon Holdings, Ltd.*, 236 F. Supp. 3d at 873. As noted, the sale of the Vacation Home goes directly to the question of damages here. Ms. Apperman's role as a guarantor for A Base in the Indemnity Agreement is relevant to Plaintiff's veil piercing argument and how close the "lines between A Base IX's corporate funds and [Albert Apperman's] personal funds" are. ECF No. 115. This factor weighs heavily in favor of re-opening discovery.

Relatedly, Ms. Gammal's involvement in the sale of the Vacation Home demonstrates that third-party discovery from her "is relevant and proportional to the needs of the case." *Athalonz, LLC*, 2024 WL 1555685, at *2-*3. In Non-Party's motion to quash, Ms. Gammal argues that Defendants "have already demonstrated their willingness and ability to provide Plaintiff with any information and documents in Ms. Gammal's possession." ECF No. 145. But

5

the closing documents were incomplete insofar as they apparently did not reflect the actual sale price of the Vacation Home, and it was counsel for Non-Party Alice Gammal, not Defendants' counsel, who discovered during an "additional conversation [he] had with Ms. Gammal" that she "also received an additional $500,000 for the property." ECF No. 141. Furthermore, Defendants have previously represented that Albert Gammal had "limited involvement in the sale of the Vacation Home," ECF No. 130. Plaintiff has shown that discovery from Ms. Gammal as to the sale of the Vacation Home will be relevant and cannot be obtained from the parties.

Having reviewed the parties' submissions, the Court concludes that reopening discovery for the limited purposes of conducting the depositions of Alice Gammal and Susanne Apperman is appropriate in this case. The Court cautions Plaintiff that this Order is not an invitation to a freewheeling inquiry, but rather is limited only to the newly-discovery facts that form the basis of the Court's determination that good cause exists for the reopening of discovery. The deposition of Susanne Apperman shall be limited to her apparent role as a guarantor of A Base, to the extent that such information is relevant to Plaintiff's veil-piercing theory. The deposition of Alice Gammal shall be limited to the sale of the Vacation Home, and in particular, the purchase price, to the extent that the sale price is relevant to damages on Plaintiff's fraudulent conveyance claim.

Accordingly, Plaintiff's motion is **GRANTED** and Non-Party's motion is **DENIED.** The parties are **DIRECTED** to meet and confer in good faith to schedule depositions on dates mutually agreeable to counsel and the witnesses.

SO ORDERED.

Dated: July 20, 2024
New York, New York

_____
DALE E. HO
United States District Judge