UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIHAI LIANQIAO INTERNATIONAL COOP GROUP CO., LTD.,<br><br>                                    Plaintiff,<br><br>                  v.<br><br>A BASE IX CO. LLC, et al.,<br><br>                                    Defendants. | 21 Civ. 10753 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

On August 23, 2024, Plaintiff Weihai Lianqiao International Cooperation Group Co., Ltd., ("Weihai" or "Plaintiff") filed a letter-motion asking the Court for permission to continue Non-Party's Alice Gammal's ("Non-Party" or "Ms. Gammal") deposition. *See* ECF No. 160. Alice Gammal filed a letter in response on August 25, 2024 opposing a continued deposition of Alice Gammal. *See* ECF No. 161. For the reasons below, the Plaintiff's letter-motion is **DENIED**.

Plaintiff argues that Non-Party failed to provide a responsive answer to two topics: (1) whether the total purchase price of the Vacation Home was $4.3 million, *see* Tr. Ex. A., ECF No. 160-1, and (2) whether the consideration for the Vacation Home was $2.9 million as stated in her sworn Affidavit, *see* Tr. Ex. B, ECF No. 160-2. *See* ECF No. 160 at 1.

With regards to the first topic, Plaintiff noted that Ms. Gammal testified that the "total package" received for the Vacation Home, "if you add it all together [] comes out to $4.3 [million]." *See* ECF No. 161-1 at 45. But following the deposition, Plaintiff contends it is unable to determine what the "total package" means and the purchase price for the Vacation Home. *See* ECF No. 160 at 1. Non-Party Gammal notes that she testified about the total

purchase price of the vacation home nine times. *See* ECF No. 161 at 3-10. Based on the deposition transcript, the Court determines Plaintiff has substantively responded to Plaintiff's questions about the package, which included "2.9, and then we did 900 for the contents of the house . . . And after the closing, we did 500 in cash." *See* Tr. 45:4-10, ECF No. 160-1 at 5.

Regarding the second topic, Non-Party states that the line of questioning is "[p]alpably [i]mproper, [i]rrelevant and would likely require Ms. Gammal to divulge information protected by the [a]ttorney-[c]lient privilege." ECF No. 161 at 11. The Court had cautioned Plaintiff that the deposition of "Alice Gammal shall be limited to the sale of the Vacation Home, and in particular, the purchase price." ECF No. 146. Since the sworn statement goes beyond the scope of the Court's Order, the Court sustains Non-Party's objections.

Finally, Plaintiff asks for "permission to continue Ms. Gammal's deposition to answer the aforementioned lines of questioning in the event that the Court overrules any or all of counsel's objections since the actual purchase price for the Vacation Home remains unclear." *See* ECF No. 160 at 1-2. Having carefully reviewed the deposition transcript and the submissions, the Court concludes that a continued deposition of Alice Gammal is not warranted.

\*   \*   \*

Accordingly, Plaintiff's letter-motion is **DENIED.**

The Clerk of Court is respectfully directed to close ECF No. 160.

SO ORDERED.

Dated: August 27, 2024
New York, New York

_____
DALE E. HO
United States District Judge