UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Weihai Lianqiao International Coop Group Co., Ltd., <br><br>                              Plaintiff, <br><br>         v. <br><br> A Base IX Co. LLC, et al, <br><br>                              Defendants. | 21-CV-10753 (DEH) <br><br> ORDER |

DALE E. HO, United States District Judge:

On August 13, 2024, the Court received a letter-motion from non-party Alice Gammal seeking to quash the subpoena requiring her to testify at trial on November 19, 2024. *See* ECF No. 172. Ms. Gammal seeks to quash the subpoena on the grounds that (1) her trial testimony would be cumulative or duplicative of her deposition testimony, and (2) testifying at trial would be unduly burdensome due to the anxiety and stress it would cause her. *Id.* "[T]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996)). For the reasons that follow, the Court DENIES the motion to quash.

First, Ms. Gammal argues that her trial testimony should be quashed because it would be duplicative of her deposition testimony. She cites Rule 26 of the Federal Rules of Civil Procedure, which provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). That rule, however, governs the scope of *discovery*, not of testimony at trial. *Id.* The preference for live testimony over deposition testimony at trial is well established. *See Aristocrat Leisure*

*Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (quoting *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, L., J.) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.")). Accordingly, Ms. Gammal has not established that any overlap between her trial and deposition testimony is grounds to quash the subpoena.

Second, Ms. Gammal argues that, under Rule 45, "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45 (d)(3)(A)(iv). She contends that she "possesses a naturally nervous disposition," and that "when she was required to provide deposition testimony, it caused her incredible anxiety and stress." ECF 172 at 2. A party seeking to quash a subpoena "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Aristocrat Leisure*, 262 F.R.D. at 300. Ms. Gammal "provides no affidavit or specific information regarding the manner and extent of the burden and the injurious consequences of insisting upon compliance." *Kirschner*, 2005 WL 1214330, at *3. Her conclusory assertion that testifying at trial would cause her stress and anxiety is not sufficient to meet her burden on a motion to quash.

To the extent Ms. Gammal argues that her testimony is not relevant, the Court has already ruled that "discovery from Ms. Gammal as to the sale of the Vacation Home will be relevant and cannot be obtained from the parties," ECF No. 146 at 6. Ms. Gammal has provided no reason for the Court to revisit that conclusion.

Accordingly, the motion to quash is DENIED. Plaintiff is directed to serve this order on counsel for non-party Alice Gammal by the end of the day today and to file proof of service on the docket.

SO ORDERED.

Dated: November 15, 2024
New York, New York

_____
DALE E. HO
United States District Judge